UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FELICIA LIGHTFOOT,

          Plaintiff,                            Case No. 1:22-cv-11459

v.                                             Honorable Thomas L. Ludington
                                                United States District Judge
ANDREW SAUL,
Commissioner of Social Security,          Honorable Curtis Ivy Jr.
                                                United States Magistrate Judge
         Defendant.
_____/

**OPINION AND ORDER (1) OVERRULING DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION, (2) ADOPTING REPORT AND RECOMMENDATION, (3) DISMISSING COMPLAINT WITHOUT PREJUDICE, AND (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS MOOT**

This matter is before this Court upon Defendant's objections to the Magistrate Judge's Report and Recommendation (R&R).

**I.**

In June 2022, Plaintiff Felicia Lightfoot filed a *pro se* appeal of the denial of her claim for social-security disability benefits. ECF No. 1. The case was referred to Magistrate Judge Curtis Ivy Jr. ECF No. 3.

On July 27, 2022, Judge Ivy directed Plaintiff to show cause for why her complaint should not be dismissed for not updating her address. ECF No. 9. She did not. So Judge Ivy recommended that this Court dismiss Plaintiff's complaint for failure to prosecute under Federal Rule of Civil Procedure 41(b). ECF No. 12. The next day, Plaintiff updated her address and filed a motion for summary judgment. ECF No. 14. And she filed objections to Judge Ivy's R&R eight days later, ECF No. 16, to which Defendant has replied, ECF No. 17.

## II.

A party may object to and seek review of a magistrate judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). If a party objects, then "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). The parties must state any objections with specificity within a reasonable time. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). Failure to file specific objections constitutes a waiver of any further right of appeal. *Id.* at 155; *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

A district court need not "reassess the same arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation." *Nelson v. Saul*, No. 19-CV-12964, 2021 WL 688583, at *4 (E.D. Mich. Feb. 23, 2021) (citing *Sanders v. Saul*, No. 19-CV-12475, 2020 WL 5761025 at *2 (E.D. Mich. Sept. 25, 2020)). Nor "[a] general objection." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). Nor "new arguments or issues that were not presented" *before* the magistrate judge's final R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

When reviewing an R&R *de novo*, this Court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court may accept, reject, or modify the magistrate judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, 585 F. Supp. 3d 1014, 1017 (E.D. Mich. 2021).

## III.

Plaintiff raises three objections. First, that she continues to "deal[] with" doctors and various administrative agency officials to seek disability assistance. ECF No. 16 at PageID.307.

Second, that the clerk's office incorrectly entered her old address and did not check the back of her license, which reflected her changed address. *Id*. at PageID.307–08. Third is an enumerated list of hardships. *Id.* at PageID.308.

### A.

All three objections will be overruled because they do not identify a specific part of the R&R to which Plaintiff is objecting. *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (unpublished) ("Failure to identify specific concerns with a magistrate judge's report results . . . . is considered the equivalent of failing to object entirely." (citation omitted)); *see also Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (holding that an "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not a valid objection). For this reason, Judge Ivy's R&R will be adopted.

### B.

Even if this Court were to consider Plaintiff's argument that she did not respond to the show-cause order because a clerical error caused it to be mailed to her old address, it does not change Judge Ivy's conclusion. *See* ECF No. 12 at PageID.142.

Four factors govern a district court's decision to dismiss a case for failure to prosecute:

(1) whether the party's failure is due to willfulness, bad faith, or fault;
(2) whether the adversary was prejudiced by the dismissed party's conduct;
(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
(4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. AT & T Co.*, 176 F.3d 359, 363 (6th Cir. 1999))). Dismissal is appropriate for a *pro se* litigant's failure to furnish her current address. *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) ("Regardless of the

method of communication utilized (posted mail or email), it is the party, not the court, who bears the burden of apprising the court of any changes to his or her mailing address." (collecting cases)).

At best, an unsubstantiated claim of a clerical error regarding Plaintiff's address[1] would only affect the first factor—whether not responding to the show-cause order was due to willfulness, bad faith, or fault. The remaining three factors would still favor dismissal. The second factor favors dismissal because the opposing party was prejudiced by Plaintiff's failure to prosecute. *See White v. Bouchard*, 2008 WL 2216281, at 5 (E.D. Mich. May 27, 2008) ("[D]efendants cannot be expected to defend an action which plaintiff has apparently abandoned."). The third factor also favors dismissal because Plaintiff was warned twice about the consequences of not updating her address. *See* ECF Nos. 7 ("Failure to promptly notify the court of a change in address or other contact information may result in the **dismissal** of your case."); 9 (ordering that failure to respond to show-cause order "**will result in a recommendation that this matter be dismissed**" for failure to prosecute). And the fourth factor favors dismissal because the show-cause order was a less drastic sanction, granting Plaintiff an opportunity—23 days—to cure her error before dismissal.

In sum, Judge Ivy correctly concluded Plaintiff "effectively abandoned her case by failing to keep her address updated and for failing to comply with the show cause order of the Court." ECF No. 12 at PageID.142. Thus, Judge Ivy's R&R will be adopted, and the Complaint will be dismissed. But, because of the unclear circumstances surrounding the initial filing of Plaintiff's Complaint, it will be dismissed without prejudice.

---

[1] Notably, Plaintiff did not include a current address in her filed pleadings. Nor did she submit a photocopy of her driver's license to corroborate her claim that a change-of-address sticker was on the back of it.

- 5 -

## IV.

Accordingly, it is **ORDERED** that Plaintiff's Objections, ECF No. 16, are **OVERRULED**.

Further, it is **ORDERED** that Judge Ivy's Report and Recommendation, ECF No. 12, is **ADOPTED**.

Further, it is **ORDERED** that Plaintiff's appeal, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Plaintiff's Motion for Summary Judgment, ECF No. 14, is **DENIED AS MOOT**.

Dated: October 25, 2022            s/Thomas L. Ludington
                                   THOMAS L. LUDINGTON
                                   United States District Judge